Aaron H. Marks, P.C.
Stephanie Shimada
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CANOO INC., <br><br> *Plaintiff*, <br><br> v. <br><br> DD GLOBAL HOLDINGS LTD., <br><br> *Defendant*. | Case No.: 22-cv-3747 <br><br> ECF Case <br><br> **COMPLAINT** |

Plaintiff Canoo Inc. ("Canoo"), by its undersigned attorneys, respectfully alleges as follows upon knowledge as to itself and its own acts, and upon information and belief as to all other matters:

**PRELIMINARY STATEMENT**

1. This is an action to recover so-called "short-swing profits" from Defendant DD Global Holdings Ltd. ("DD Global") pursuant to Section 16(b) of the Securities Exchange Act of 1934, as amended (the "1934 Act"), 15 U.S.C. § 78aa.

2. Section 16(b) of the 1934 Act is a strict liability statute mandating that an "insider" of a public company—an officer, a director or a large shareholder (*i.e.* an owner of more than 10% of a class of the company's registered equity securities)—who "profited" from buying and selling the company's securities within a period of six months, must disgorge those profits. Profit is

calculated based on specialized rules and an insider's holdings for this purpose are fungible, so that the order of the relevant transactions is irrelevant and the disgorgeable amount often has no relationship to the insider's actual economic gains.

3. Defendant DD Global, an owner of more than 10% of Canoo's outstanding common shares, sold approximately 35 million Canoo shares on November 22, 2021. On November 22, 2021, Canoo's stock price stock closed at $11.43 per share and had a volume-weighted average price ("VWAP") of $11.26. Less than six months later, on March 15, 2022, DD Global engaged in simultaneous transactions, including entering into a participation note by which DD Global acquired the economic benefits of ownership of (*i.e.*, a pecuniary interest in) 10.5 million Canoo common shares. On March 15, 2022, Canoo's stock closed at $5.57 per share and had a VWAP of $5.44.

4. Under the established method in the Second Circuit of calculating disgorgeable "profits" from short-swing trading, DD Global obtained short-swing profits of over $61 million from these transactions: DD Global had matching sales and purchases on November 22, 2021 and March 15, 2022 of 10.5 million shares with a market price differential between these transactions of approximately $5.82 per share ($11.26 VWAP at sale minus $5.44 VWAP at purchase) on those dates. Multiplying the number of matching shares (10.5 million) by the market price differential ($5.82) results in a short-swing profit amount of $61.11 million.

5. Canoo therefore brings this lawsuit to seek disgorgement from DD Global of the short-swing profits that it received as a result of these transactions.

**PARTIES**

6. Plaintiff Canoo is a Delaware corporation currently headquartered at 19951 Mariner Avenue, Torrance, California and soon to be headquartered in Bentonville, Arkansas. Canoo is an innovative manufacturer of consumer and commercial electric vehicles.

7. Upon information and belief, Defendant DD Global is an exempted company organized with limited liability in the Cayman Islands, with a registered address at P.O. Box 31119 Grand Pavilion, Hibiscus Way, 802 West Bay Road, Grand Cayman, E9 KY1-1205 and headquarters at Wan Chai District, No. 6-8 Harbour Road, Shui on Centre, Suite 1204-1207, Hong Kong K3 00000.

8. Nonparty Li Pak Tam is a natural person and the principal and controlling member of DD Global.

## JURISDICTION AND VENUE

9. This action arises under Section 16(b) of the 1934 Act, 15 U.S.C. §§ 78p(b). This Court has jurisdiction over this action pursuant to 27 U.S.C. § 1331, the general federal jurisdiction statute and 15 U.S.C. § 78aa, which specifically confers exclusive jurisdiction upon the federal courts for "all suits in equity and actions at law" to enforce any liability or duty under the 1934 Act.

10. Venue in the Southern District of New York is proper pursuant to Section 27 of the 1934 Act, 15 U.S.C. § 78aa. At all relevant times, Canoo's common stock was traded on the NASDAQ Exchange, a National Securities Exchange headquartered and located within this district. One or more of the purchases or sales giving rise to liability as alleged herein occurred on the NASDAQ Exchange and through its facilities located within this district.

11. DD Global is a foreign entity in relation to the United States, and venue is therefore proper in any U.S. district, including the Southern District of New York, pursuant to 28 U.S.C. § 1391(c)(3).

## FACTUAL BACKGROUND

### *The National Security Agreement*

12. Canoo is a startup American manufacturer of consumer and commercial electric vehicles founded in 2017. One of the primary original funders of Canoo was Li Pak Tam, the principal of Defendant DD Global. Li Pak Tam's funding occurred through DD Global and its affiliates. Li Pak Tam holds sole voting and dispositive power with respect to shares held directly or indirectly by DD Global and its affiliates.

13. In September 2020, Canoo announced a merger with special purpose acquisition company Hennessy Capital Acquisition Corp. IV ("Hennessy"). On December 22, 2020, Canoo completed its merger with Hennessy and was listed on the NASDAQ under the ticker symbol (NASDAQ:GOEV).

14. On December 18, 2020, Canoo entered into a National Security Agreement (the "NSA") with DD Global, and with, on behalf of the Committee on Foreign Investment in the United States ("CFIUS"), the U.S. Departments of Defense, Justice, and the Treasury as the CFIUS Monitoring Agencies. The NSA limits the control and governance influence of DD Global, which was a significant existing stockholder of Canoo as of the time the NSA was entered.

15. The NSA imposes certain conditions on DD Global and its affiliates. Among other things, under the NSA, if DD Global and its affiliates own Canoo shares equal to or greater than 30%, 25%, 15%, or 10% as of September 15, 2021, November 30, 2021, January 1, 2022, or February 28, 2022, respectively, of the fully diluted shares of Canoo, then DD Global and its affiliates must transfer all their Canoo shares to a voting trust. As of the effective date of the NSA, DD Global and its affiliates owned approximately 26.4% of the fully-diluted shares of Canoo.

### *The November 22, 2021 Sale of Shares*

16.     On or about October 6, 2021, DD Global entered into a stock purchase agreement with AFV Partners SPC-7 LLC ("AFV") (the "Stock Purchase Agreement"). Tony Aquila is the managing member of AFV and is also the Chairman and CEO of Canoo. Under the initial terms of the Stock Purchase Agreement, DD Global agreed to sell 53,600,000 Canoo shares to AFV at a price of $6.53 per share. The closing market price of Canoo stock on October 6, 2021 was $6.65 per share. The Stock Purchase Agreement included certain "Conditions to Closing," which were to be met before the contemplated sale of shares under the Stock Purchase Agreement was to be executed upon.

17.     Upon information and belief, as of November 19, 2021, the Conditions to Closing under the Stock Purchase Agreement had not been met and the contemplated sale of the Canoo shares to AFV had not yet been executed. Upon further information and belief, on November 19, 2021, the Stock Purchase Agreement was amended by the parties thereto. The primary amendment to the Stock Purchase Agreement was to reduce the number of Canoo shares to be sold by DD Global to AFV from 53,600,000 to 35,273,268. This was a very favorable amendment for DD Global, as the price of Canoo stock had increased substantially between October 6, 2021 and November 19, 2021. The closing market price of Canoo stock on November 22, 2021 (the day the sale occurred) was $11.43 per share and the stock had a VWAP of $11.26 per share (which is $4.73 higher than the $6.53 per share sale price DD Global agreed to in the October 6, 2021 Stock Purchase Agreement). Accordingly, in reducing the number of shares to be sold to AFV by 18,326,732 through this amendment to the Stock Purchase Agreement, DD Global received a benefit on paper of $86.69 million (18,326,732 x $4.73 per share).

18. On November 22, 2021, DD Global filed a Form 4, indicating DD Global entered into a transaction on that date whereby it sold approximately 35,273,268 Canoo shares to AFV. After giving effect to the November 22, 2021 transaction, DD Global remained the "beneficial owner" of more than 10% of Canoo's total outstanding common shares.

### *The March 15, 2022 Acquisition of 10.5 Million Notional Shares*

19. Less than six months after the November 22, 2021 transaction, on March 16, 2022, DD Global filed another Form 4, reporting simultaneous transactions on March 15, 2022 with counterparties, including Bank J. Safra Sarasin AG ("Bank J. Safra"). The reported transactions which were part of a single, integrated transaction, included (i) DD Global's sale of 10,500,000 shares of Canoo common shares to Bank J. Safra, (ii) DD Global's acquisition of 10,500,000 notional shares of Canoo common stock through a participation note with an unidentified counterparty, and (iii) the entry into an equity swap on the notional shares.

20. According to DD Global's Form 4, its March 15 sale of shares to Bank J. Safra was made pursuant to a Securities Purchase Agreement, dated March 15, 2022 (the "Securities Purchase Agreement"). Under the Securities Purchase Agreement, DD Global purported to sell 10,500,000 shares at a reference price of $6.53 per share. Simultaneously, DD Global subscribed for 10,500,000 notional shares under the participation note at a reference price of approximately $6.72 per share, providing for a net cost to DD Global of approximately $0.19 per share for the simultaneous transactions. The closing market price of Canoo stock on March 15, 2022 was $5.57 per share and the stock had a VWAP that day of $5.44 per share.

21. For purposes of Section 16(b) analysis, DD Global's acquisition of 10.5 million notional shares through a participation note is a call equivalent position—treated for Section 16(b) purposes as a purchase of common shares.

22. As of the time of execution of these simultaneous transactions on March 15, 2022, DD Global remained the "beneficial owner" of more than 10% of Canoo's total outstanding common stock.

### *Section 16(b) Statutory Requisites*

23. At all relevant times, Canoo's common stock was registered under Section 12(b) of the 1934 Act.

24. At all relevant times, DD Global was the "beneficial owner" of more than 10% of the outstanding common shares of Canoo, and thereby a corporate insider of Canoo subject to Section 16(b).

25. This action is brought within two years of the occurrence of the violations described herein, or within two years of the time when DD Global was required to report any transactions in reports required to be filed with the SEC under Section 16(a) of the 1934 Act. The statute of limitations has not yet begun to run on any transactions that were either not reported or misleadingly reported by DD Global, and not otherwise publicly disclosed or knowable by Canoo.

26. No exemptions are available to DD Global, or to the transactions giving rise to the violations of Sections 16(b) here pled.

### *Profits Recoverable Under Section 16(b) of the 1934 Act*

27. For purposes of Section 16(b) short-swing profit calculations, the matching of transactions in common shares against transactions in derivatives thereon is not based on the actual purchase or sale prices. The necessity for this approach is not only the obvious—the avoidance of the inequities of matching full-price share transactions against transactions in derivatives (which trade at a fraction of the underlying share price)—but also the avoidance of potential abuses, *i.e.* where parties use privately structured derivatives that have a stated "price" that bears little resemblance to the potential leveraging of inside information for economic gain and/or that enable

7

an end-run around the Section 16(b) regime. In this regard, SEC Rule 16b-6(c)(2) limits the recoverable amount to "the difference in price of the underlying security on the date of purchase or sale and the date of sale or purchase."

28. Market practice (and the methodology adopted by courts within this Circuit) with respect to Section 16(b) matching of a transaction in the issuer's listed shares against a privately structured and negotiated derivative transaction (such as the participation note entered by DD Global on March 15, 2022), is therefore to look to the underlying trading price of the shares on each of the relevant dates in question.

29. On November 22, 2021, the date of the relevant sale of 10,500,000 of the 35 million shares sold by DD Global, Canoo's stock closed at $11.43 per share and had a VWAP of $11.26.

30. On March 15, 2022, the date of the relevant purchase (*i.e.* DD Global's entry into the participation note with an unidentified counterparty by which DD Global acquired 10,500,000 notional shares), Canoo's stock price closed at $5.57 per share and had a VWAP of $5.44.

31. Using the more conservative VWAP to calculate the difference in the sale and purchase prices, rather than the higher closing prices, there is a spread of $5.82 per share ($11.26 - $5.44) between the relevant purchase price and the relevant sale price.

32. With matching purchases and sales as to 10.5 million shares, this spread results in a disgorgeable amount of $61.11 million ($5.82/share x 10.5 million shares).

33. Canoo also seeks to discover, and to compel DD Global to disclose, the agreements and related documentation with respect to the March 15, 2022 transactions as well as any additional transactions that have not been reported by DD Global. Canoo reserves the right to pursue additional profits potentially owed by DD Global as a result of the reported transactions and any additional transactions executed while DD Global was a statutory insider, which may be

discovered during the course of this action, and to compel DD Global to file truthful, accurate, and complete Form 3 and Form 4 reports of its trading activities, as required by Section 16(a).

### *Canoo's Disgorgement Demand*

34. Following DD Global's filing of its March 16, 2022 Form 4, Canoo received letters from plaintiff's attorneys demanding that the Company pursue disgorgement from DD Global pursuant to Section 16(b).

35. On March 28, 2022, counsel for Canoo notified DD Global of Canoo's intent to investigate and pursue DD Global's short-swing profits and demanded that DD Global disgorge the sum of $61.11 million to Canoo.

36. On April 27, 2022, counsel for DD Global replied, disputing Canoo's allegations and refusing to remit payment for its short-swing profits to Canoo.

37. To date, DD Global has not disgorged any amounts associated with its November 22, 2021 sale and March 15, 2022 purchase, which resulted in short-swing profits as described herein.

## CAUSE OF ACTION

### (Recovery of Profits Under Section 16(b) of the 1934 Act)

38. Canoo incorporates all the foregoing paragraphs as if fully restated herein.

39. Canoo's common stock is registered under Section 12(b) of the 1934 Act and was so registered at all relevant times.

40. DD Global had a direct or indirect "pecuniary interest" in all of the shares of Canoo common stock purchased (or deemed purchased) and sold in the transactions identified in Paragraphs 18-20, above.

41. DD Global purchased (or was deemed to have purchased) and sold the relevant shares of Canoo common stock on November 22, 2021 and March 15, 2022, within a six-month period.

42. At all relevant times, DD Global was the owner of greater than 10% of Canoo common stock and therefore a statutory insider, pursuant to Section 16(b) of the 1934 Act.

43. The difference in the prices of the underlying securities DD Global sold on November 22, 2021 and purchased (or was deemed to have purchased) on March 15, 2022, as measured by the stock's VWAP on each of those days, is $5.82 per share resulting in a disgorgeable amount of $61.11 million.

44. As of the date of this Complaint, DD Global has failed to account for and disgorge the entirety of its short-swing profits from the November 22, 2021 sale and March 15, 2022 purchase, despite Canoo's demand.

45. As a result, DD Global is in breach of Section 16(b) of the 1934 Act.

46. In the event that DD Global made other purchases and sales of Canoo stock within the above or any other six-month period resulting in short-swing profits, such transactions also require disgorgement by DD Global to Canoo.

47. Through such purchases and sales, or sales and purchases, DD Global realized profits, the exact amounts of which are unknown to Canoo, but are recoverable by Canoo under Section 16(b) of the 1934 Act.

## **REQUEST FOR RELIEF**

WHEREFORE, Canoo requests that this Court enter a Judgment:

A. Requiring DD Global to account for, and pay to Canoo, the short-swing profits realized in violation of Section 16(b), together with appropriate interest and the costs of this suit;

B. Awarding to Canoo pre-judgment and post-judgment interest on such monetary relief;

C. Awarding to Canoo its costs and disbursements for bringing this suit, including reasonable attorney's fees; and

D. Granting any further relief as the Court may deem just and proper.

Dated: New York, New York
May 9, 2022

Respectfully submitted,

KIRKLAND & ELLIS

 /s/  *Aaron H. Marks*

Aaron H. Marks, P.C.
Stephanie Shimada
Kirkland & Ellis LLP
601 Lexington Avenue
New York, New York 10022
Phone: (212) 446 4856
Fax: (212) 446 4900
aaron.marks@kirkland.com
stephanie.shimada@kirkland.com

*Counsel for Plaintiff Canoo Inc.*