UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CANOO INC.,<br><br>        *Plaintiff*,<br><br>        v.<br><br>DD GLOBAL HOLDINGS LTD.,<br><br>        *Defendant*. | Case No.: 22-cv-3747 (MKV)<br><br>Hon. Mary Kay Vyskocil<br><br>ECF Case<br><br>**FIRST AMENDED COMPLAINT** |

Plaintiff Canoo Inc., by its undersigned attorneys, respectfully alleges as follows upon knowledge as to itself and its own acts, and upon information and belief as to all other matters:

## PRELIMINARY STATEMENT

1. This is an action to recover so-called "short-swing profits" from Defendant DD Global Holdings Ltd. ("DD Global") pursuant to Section 16(b) of the Securities Exchange Act of 1934, as amended (the "1934 Act"), 15 U.S.C. § 78aa.

2. Section 16(b) of the 1934 Act is a strict liability statute mandating that an "insider" of a public company—an officer, a director, or a large shareholder (i.e., an owner of more than 10% of a class of the company's registered equity securities)—who "profited" from buying and selling the company's securities within a period of six months, must disgorge those profits. Profit is calculated based on specialized rules, and an insider's holdings for this purpose are fungible, so the order of the relevant transactions is irrelevant, and the disgorgeable amount often has no relationship to the insider's actual economic gains.

3. Defendant DD Global sold approximately 35 million Canoo Inc. shares on November 22, 2021—a time at which DD Global owned more than 10% of Canoo Inc.'s

outstanding common shares. On November 22, 2021, Canoo Inc.'s stock price closed at $11.43 per share and had a volume-weighted average price ("VWAP") of $11.26. Less than six months later, on March 15, 2022, DD Global (still an insider) engaged in simultaneous transactions, another sale transaction and the equivalent of a purchase transaction whereby DD Global entered into a participation note and acquired the economic benefits of ownership of (i.e., a pecuniary interest in) 10.5 million Canoo Inc. common shares. On March 15, 2022, Canoo Inc.'s stock closed at $5.57 per share and had a VWAP of $5.44.

4. Under the Second Circuit's established method of calculating disgorgeable "profits" from short-swing trading, DD Global obtained short-swing profits of over $61 million from these transactions: DD Global had matching sales and purchases on November 22, 2021 and March 15, 2022, respectively, of 10.5 million shares, with a market price differential between these transactions of approximately $5.82 per share ($11.26 VWAP at sale minus $5.44 VWAP at purchase) on those dates. Multiplying the number of matching shares (10.5 million) by the market price differential ($5.82) results in a short-swing profit amount of $61.11 million.

5. Canoo Inc. therefore brings this lawsuit to seek disgorgement from DD Global of the $61.11 million in short-swing profits that it received as a result of these transactions.

**PARTIES**

6. Plaintiff Canoo Inc. is a Delaware corporation currently headquartered in Torrance, California. Canoo Inc. (collectively with its predecessor, Canoo Holdings Ltd., "Canoo") is an innovative manufacturer of consumer and commercial electric vehicles.

7. Upon information and belief, Defendant DD Global is an exempted company organized with limited liability in the Cayman Islands, with a registered address at P.O. Box 31119 Grand Pavilion, Hibiscus Way, 802 West Bay Road, Grand Cayman E9 KY1-1205, and headquarters at Wan Chai District, No. 6-8 Harbour Road, Shui on Centre, Suite 1204-1207, Hong

Kong K3 00000.  DD Global is an investment vehicle that is majority owned by Li Pak Tam, an investor based in Hong Kong.

8.      Nonparty Li Pak Tam is a natural person.  Li Pak Tam is the principal and controlling member of DD Global.  His interest in DD Global is held through two investment vehicles, Champ Key Limited and DE Capital Limited.

## JURISDICTION AND VENUE

9.      This action arises under Section 16(b) of the 1934 Act, 15 U.S.C. §§ 78p(b).  This Court has jurisdiction over this action pursuant to 27 U.S.C. § 1331, the general federal jurisdiction statute and 15 U.S.C. § 78aa, which specifically confers exclusive jurisdiction upon the federal courts for "all suits in equity and actions at law" to enforce any liability or duty under the 1934 Act.

10.     Venue in the Southern District of New York is proper pursuant to Section 27 of the 1934 Act, 15 U.S.C. § 78aa.  At all relevant times, Canoo Inc.'s common stock was traded on the NASDAQ Exchange, a National Securities Exchange headquartered and located within this district.  One or more of the purchases or sales giving rise to liability as alleged herein occurred on the NASDAQ Exchange and through its facilities located within this district.

11.     DD Global is a foreign entity in relation to the United States, and venue is therefore proper in any U.S. district, including the Southern District of New York, pursuant to 28 U.S.C. § 1391(c)(3).

## FACTUAL BACKGROUND

### *The Founding of Canoo*

12. Canoo is a startup American manufacturer of consumer and commercial electric vehicles founded in 2017 under the name Evelozcity Holdings Ltd. ("Evelozcity"). One of the two primary original funders of Evelozcity, alongside David Stern, was Li Pak Tam (also known as David Li). Li Pak Tam is an independently wealthy investor and also the principal of Defendant DD Global. In 2019, Evelozcity was renamed Canoo Holdings Ltd.

13. Li Pak Tam funded Canoo through DD Global and its affiliates. Consequently, Li Pak Tam held majority voting and dispositive power with respect to the shares of Canoo held directly or indirectly by DD Global and its affiliates. Upon information and belief, Li Pak Tam indirectly owned 79% of DD Global at the time of the founding and, as of the date of this amended complaint, owns 99% of DD Global.

14. On November 6, 2018, Canoo and DD Global entered into a share subscription agreement, pursuant to which DD Global agreed to exchange its previously held ordinary shares of Canoo for Angel Series Preference Shares. This transaction was mutually beneficial because it gave Canoo a needed influx of capital and gave DD Global an attractive investment in a promising startup.

15. By the end of 2018, DD Global owned 80% of the issued share capital of Canoo and was entitled to elect four of the seven members of the board of directors for Canoo. DD Global (and, through it, Li Pak Tam) was therefore by far the most significant shareholder of Canoo, and DD Global and Li Pak Tam had the legal authority to exercise considerable power over the company.

16. Because of its significant equity interest in the company, DD Global (and, through it, Li Pak Tam) received periodic updates on its investment from Canoo's management team,

4

including when Li Pak Tam met with Stefan Krause (another of Evelozcity's founders and the company's former CEO and Chairman) in Las Vegas, Nevada in June 2019 to discuss the company.

17. In September 2020, Canoo announced a merger with special purpose acquisition company Hennessy Capital Acquisition Corp. IV ("Hennessy"). On December 22, 2020, the merger with Hennessy was completed and Canoo was listed on the NASDAQ under the ticker symbol NASDAQ:GOEV as a public company.

18. This merger was executed, in part, to address national security concerns identified by the Committee on Foreign Investment in the United States ("CFIUS"), as it facilitated the dilution of Li Pak Tam's interest in Canoo and reduced DD Global's governance rights.

### *The National Security Agreement*

19. Shortly after the merger with Hennessy, on December 18, 2020, Canoo entered into a National Security Agreement (the "NSA") with DD Global, CFIUS, and the U.S. Departments of Defense, Justice, and the Treasury as the CFIUS Monitoring Agencies. The NSA limited the control and governance influence of DD Global, which was a significant existing stockholder of Canoo as of the time the NSA was entered. The NSA was governed by federal laws of the United States, and disputes under the agreement were to be brought in federal court in the District of Columbia (unless Section 721(e)(2) of the Defense Production Act is applicable).

20. The NSA imposed certain conditions on DD Global and its affiliates. Among other things, under the NSA, if DD Global and its affiliates owned Canoo shares equal to or greater than 30%, 25%, 15%, or 10% as of September 15, 2021, November 30, 2021, January 1, 2022, or February 28, 2022, respectively, of the fully diluted shares of Canoo, then DD Global and its affiliates would have been required to transfer all their Canoo shares to a voting trust. As of the

effective date of the NSA, DD Global and its affiliates owned approximately 26.4% of the fully diluted shares of Canoo.

### *The November 22, 2021 Sale of Shares*

21.  On or about October 6, 2021, DD Global entered into a stock purchase agreement with a Delaware limited liability company, AFV Partners SPC-7 LLC ("AFV") (the "Stock Purchase Agreement").  Tony Aquila, a California resident, is the managing member of AFV and is also the current Chairman and CEO of Canoo Inc.  Under the initial terms of the Stock Purchase Agreement, DD Global agreed to sell 53,600,000 Canoo Inc. shares to AFV at a price of $6.53 per share.  The closing market price of Canoo Inc. stock on October 6, 2021 was $6.65 per share.  The Stock Purchase Agreement included certain "Conditions to Closing," which were to be met before the contemplated sale of shares under the Stock Purchase Agreement was to be executed upon.

22.  In Section 9.9 of the Stock Purchase Agreement, the parties agreed that Delaware law would govern the agreement.  And DD Global agreed that any lawsuit or other legal proceeding relating to the Stock Purchase Agreement would be brought exclusively in the state or federal courts of Delaware, and expressly waived any objection based on personal jurisdiction, venue, or forum non conveniens.

23.  Upon information and belief, as of November 19, 2021, the Conditions to Closing under the Stock Purchase Agreement had not been met, and the contemplated sale of the Canoo Inc. shares to AFV had not yet been executed.  Upon further information and belief, on November 19, 2021, the Stock Purchase Agreement was amended by the parties thereto.  Notably, the Stock Purchase Agreement, as amended, maintained Delaware law as governing and the parties' consent to jurisdiction in Delaware courts.  The primary amendment to the Stock Purchase Agreement was to reduce the number of Canoo Inc. shares to be sold by DD Global to AFV from 53,600,000 to

35,273,268.  This was a very favorable amendment for DD Global, as the price of Canoo Inc. stock had increased substantially between October 6, 2021 and November 19, 2021.  The closing market price of Canoo Inc. stock on November 22, 2021 (the day the sale occurred) was $11.43 per share and the stock had a VWAP of $11.26 per share (which is $4.73 higher than the $6.53 per share sale price DD Global agreed to in the October 6, 2021 Stock Purchase Agreement).  Accordingly, in reducing the number of shares to be sold to AFV by 18,326,732 through this amendment to the Stock Purchase Agreement, DD Global received a benefit on paper of $86.69 million (18,326,732 x $4.73 per share).

24. On November 22, 2021, DD Global filed a Form 4, indicating DD Global entered into a transaction on that date whereby it sold approximately 35,273,268 Canoo Inc. shares to AFV.  After giving effect to the November 22, 2021 transaction, DD Global remained the "beneficial owner" of more than 10% of Canoo Inc.'s total outstanding common shares.

### *The March 15, 2022 Acquisition of 10.5 Million Notional Shares*

25. Less than six months after the November 22, 2021 transaction, on March 16, 2022, DD Global filed another Form 4, reporting simultaneous transactions on March 15, 2022 with counterparties, including Bank J. Safra Sarasin AG ("Bank J. Safra").  The reported transactions, which were part of a single integrated transaction, included (i) DD Global's sale of 10,500,000 shares of Canoo Inc. common shares to Bank J. Safra, and (ii) DD Global's acquisition of 10,500,000 notional shares of Canoo Inc. common stock through a participation note with an unidentified counterparty.

26. According to DD Global's Form 4, its sale of shares to Bank J. Safra was made pursuant to a Securities Purchase Agreement, dated March 15, 2022 (the "Securities Purchase Agreement").  Under the Securities Purchase Agreement, DD Global purported to sell 10,500,000

shares at a reference price of $6.53 per share. Simultaneously, DD Global subscribed for 10,500,000 notional shares under the participation note at a reference price of approximately $6.72 per share, providing for a net cost to DD Global of approximately $0.19 per share for the simultaneous transactions. The closing market price of Canoo Inc. stock on March 15, 2022 was $5.57 per share, and the stock had a VWAP that day of $5.44 per share. For purposes of Section 16(b) analysis, DD Global's acquisition of 10.5 million notional shares through a participation note is a call equivalent position—treated for Section 16(b) purposes as a purchase of common shares.

27. As of the time of execution of these simultaneous transactions on March 15, 2022, DD Global remained the "beneficial owner" of more than 10% of Canoo Inc.'s total outstanding common stock.

28. After the transactions were completed, DD Global's ownership of Canoo Inc.'s outstanding common stock was below 10% for purposes of the NSA.

### *Section 16(b) Statutory Requisites*

29. At all relevant times, Canoo Inc.'s common stock was registered under Section 12(b) of the 1934 Act.

30. At all relevant times, until after the March 15, 2022 transactions were completed, DD Global was the "beneficial owner" of more than 10% of the outstanding common shares of Canoo Inc., and thereby a corporate insider of Canoo Inc. subject to Section 16(b).

31. This action is brought within two years of the occurrence of the violations described herein, or within two years of the time when DD Global was required to report any transactions in reports required to be filed with the SEC under Section 16(a) of the 1934 Act. The statute of limitations has not yet begun to run on any transactions that were either not reported or

misleadingly reported by DD Global, and not otherwise publicly disclosed or knowable by Canoo Inc.

32.     No exemptions are available to DD Global, or to the transactions giving rise to the violations of Sections 16(b) here pled.

### *Profits Recoverable under Section 16(b) of the 1934 Act*

33.     For purposes of Section 16(b) short-swing profit calculations, the matching of transactions in common shares against transactions in derivatives thereon is not based on the actual purchase or sale price.  The necessity for this approach is not only the obvious—the avoidance of the inequities of matching full-price share transactions against transactions in derivatives (which trade at a fraction of the underlying share price)—but also the avoidance of potential abuses (i.e., where parties use privately structured derivatives that have a stated "price" that bears little resemblance to the potential leveraging of inside information for economic gain and/or that enable an end-run around the Section 16(b) regime).  In this regard, SEC Rule 16b-6(c)(2) limits the recoverable amount to "the difference in price of the underlying security on the date of purchase or sale and the date of sale or purchase."

34.     Market practice (and the methodology adopted by courts within this Circuit) with respect to Section 16(b) matching of a transaction in the issuer's listed shares against a privately structured and negotiated derivative transaction (such as the participation note entered by DD Global on March 15, 2022) is therefore to look to the underlying trading price of the shares on each of the relevant dates in question.

35.     On November 22, 2021, the date of the relevant sale of 10,500,000 of the 35 million shares sold by DD Global, Canoo Inc.'s stock closed at $11.43 per share and had a VWAP of $11.26.

36. On March 15, 2022, the date of the relevant purchase (i.e., DD Global's entry into the participation note with an unidentified counterparty by which DD Global acquired 10,500,000 notional shares), Canoo Inc.'s stock price closed at $5.57 per share and had a VWAP of $5.44.

37. Using the more conservative VWAP to calculate the difference in the sale and purchase prices, rather than the higher closing prices, there is a spread of $5.82 per share ($11.26 – $5.44) between the relevant purchase price and the relevant sale price.

38. With matching purchases and sales as to 10.5 million shares, this spread results in a disgorgeable amount of $61.11 million ($5.82/share x 10.5 million shares).

39. Canoo Inc. also seeks to discover, and to compel DD Global to disclose, the agreements and related documentation with respect to the March 15, 2022 transactions as well as any additional transactions that have not been reported by DD Global. Canoo Inc. reserves the right to pursue additional profits potentially owed by DD Global as a result of the reported transactions and any additional transactions executed while DD Global was a statutory insider, which may be discovered during the course of this action, and to compel DD Global to file truthful, accurate, and complete Form 3 and Form 4 reports of its trading activities, as required by Section 16(a).

### *Canoo's Disgorgement Demand*

40. Following DD Global's filing of its March 16, 2022 Form 4, Canoo received letters from attorneys on behalf of Canoo's stockholders demanding that the Company pursue disgorgement from DD Global pursuant to Section 16(b).

41. On March 28, 2022, counsel for Canoo notified DD Global of Canoo's intent to investigate and pursue DD Global's short-swing profits and demanded that DD Global disgorge the sum of $61.11 million to Canoo.

42. On April 27, 2022, counsel for DD Global replied, disputing Canoo's allegations and refusing to remit payment for its short-swing profits to Canoo.

43. To date, DD Global has not disgorged any amounts associated with its November 22, 2021 sale and March 15, 2022 purchase, which resulted in short-swing profits as described herein.

## CAUSE OF ACTION

### (Recovery of Profits under Section 16(b) of the 1934 Act)

44. Canoo Inc. incorporates all the foregoing paragraphs as if fully restated herein.

45. Canoo Inc.'s common stock is registered under Section 12(b) of the 1934 Act and was so registered at all relevant times.

46. DD Global had a direct or indirect "pecuniary interest" in all of the shares of Canoo Inc. common stock purchased (or deemed purchased) and sold in the transactions identified in Paragraphs 24-26, above.

47. DD Global purchased (or was deemed to have purchased) and sold the relevant shares of Canoo Inc. common stock on November 22, 2021 and March 15, 2022, within a six-month period.

48. At all relevant times, until after the March 15, 2022 transactions were completed, DD Global was the owner of greater than 10% of Canoo Inc. common stock and was therefore a statutory insider, pursuant to Section 16(b) of the 1934 Act.

49. The difference in the prices of the underlying securities DD Global sold on November 22, 2021 and purchased (or was deemed to have purchased) on March 15, 2022, as measured by the stock's VWAP on each of those days, is $5.82 per share, resulting in a disgorgeable amount of $61.11 million.

50. As of the date of this Complaint, DD Global has failed to account for and disgorge the entirety of its short-swing profits from the November 22, 2021 sale and March 15, 2022 purchase, despite Canoo Inc.'s demand.

51. As a result, DD Global is in breach of Section 16(b) of the 1934 Act.

52. In the event that DD Global made other purchases and sales of Canoo Inc. stock within the above, or any other, six-month period resulting in short-swing profits, such transactions also require disgorgement by DD Global to Canoo Inc.

53. Through such purchases and sales, or sales and purchases, DD Global realized profits, the exact amounts of which are unknown to Canoo Inc., but are recoverable by Canoo Inc. under Section 16(b) of the 1934 Act.

## REQUEST FOR RELIEF

WHEREFORE, Canoo Inc. requests that this Court enter a Judgment:

A. Requiring DD Global to account for, and pay to Canoo Inc., the short-swing profits realized in violation of Section 16(b), together with appropriate interest and the costs of this suit;

B. Awarding to Canoo Inc. pre-judgment and post-judgment interest on such monetary relief;

C. Awarding to Canoo Inc. its costs and disbursements for bringing this suit, including reasonable attorney's fees; and

D. Granting any further relief as the Court may deem just and proper.

Dated:  New York, New York
        September 6, 2022

                                                 Respectfully submitted,

                                                 /s/  *Aaron H. Marks*

Aaron H. Marks, P.C.
Stephanie Shimada
Kirkland & Ellis LLP
601 Lexington Avenue
New York, New York 10022
Phone: (212) 446 4856
Fax: (212) 446 4900
aaron.marks@kirkland.com
stephanie.shimada@kirkland.com

*Counsel for Plaintiff Canoo Inc.*